ALSHULER, Respondent, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*May 2—June 25, 1919.*

*Street railways: Operation of cars: Action for injuries: Collision with automobile: Evidence: Speed of street car: Violation of ordinance: Contributory negligence: Findings: Excessive damages: Appeal: Instructions.*

1. In an action for injuries sustained in a collision between defendant's street car and plaintiff's automobile, struck from the rear, the jury's finding that the street car was moving at the rate of eighteen miles an hour is a sufficient basis upon which to rest their findings of actionable negligence, without reference to the breach of a city ordinance limiting the speed of street cars to twelve miles an hour.

2. The evidence in this case is *held* sufficient to sustain findings that defendant was negligent in operating its car at a speed of eighteen miles an hour, in failing to give warning of its approach, and in failing to keep a proper lookout; and also to show that plaintiff and her driver were not guilty of contributory negligence.

3. An award of $500 damages is clearly reasonable in this case in view of the evidence.

4. An instruction that the operation of a street car at a speed exceeding the limit fixed by a city ordinance is negligence in itself, if error, is not prejudicial where the findings of the jury sustain the judgment regardless of the question of violation of the ordinance.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

This is an action by the plaintiff to recover damages for injuries alleged to have been received by her through alleged negligence of the employees of the defendant company.

On the evening of October 13, 1917, plaintiff and a party of friends were driving in the city of Racine in an automo-

bile owned by plaintiff and driven by her employee.    At about 8 p. m. they were driving west on Twelfth street towards Wisconsin street, with the intention of turning south on Wisconsin street.    The driver made the turn to the south and continued to drive along Wisconsin street until at a point about ninety feet south of the south line of Twelfth street the automobile was struck from the rear by a street car belonging to the defendant company.    Plaintiff claims that she was permanently injured in the thigh and also suffered a severe shock to her nervous system.    She alleges that the street car, contrary to the ordinances of the city of Racine, was being operated at a rate of speed exceeding twelve miles an hour; that the motorman failed to keep a proper lookout for vehicles upon the street; that the motorman of the defendant company failed to apply the brakes, reverse the current, and do the other things necessary to avoid colliding with her automobile; and as a second cause of action plaintiff charges gross negligence on the part of the motorman.    The defendant company denies the allegations of negligence and charges that the driver of the automobile was guilty of contributory negligence.

The case was tried before the court and a jury.    In a special verdict the jury found that the street car was being operated at a speed of eighteen miles along Twelfth street to the point of collision; that the street car was traveling at an excessive and dangerous rate of speed; that the motorman failed to give proper warning of his approach to Twelfth street; that he failed to sound his gong or bell at any time after the plaintiff drove upon Wisconsin street and down to the time of collision; that the motorman negligently failed to keep a proper lookout for travelers; that there was a want of ordinary care on the part of the defendant in the operation of its car at the time in question; that this want of ordinary care was the proximate cause of the plaintiff's injuries; that no want of ordinary care on the part of the plaintiff or her driver contributed to cause the injuries in question; that

Alshuler v. Milwaukee E. R. & L. Co. 169 Wis. 477.

$500 is a reasonable sum to compensate plaintiff for her injuries in question.

Judgment was entered awarding plaintiff $500 damages, from which judgment this appeal is taken.

For the appellant there was a brief by *Simmons & Walker* of Racine, and oral argument by *M. E. Walker*.

For the respondent there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *Walter D. Corrigan*.

SIEBECKER, J. The defendant contends: (1) that the evidence does not sustain the jury's findings of actionable negligence; (2) that the facts and circumstances show that plaintiff and the driver were guilty of contributory negligence; (3) that the court committed prejudicial error in its instructions; (4) that the damages awarded for the injuries plaintiff received are excessive.

As above indicated, the jury found the defendant guilty of actionable negligence in conducting its street railway business at the time of the accident in these several respects: (1) in operating the car at an excessive and dangerous rate of speed; (2) in failing to give proper warning of its approach at the Twelfth-street crossing; (3) in failing to give warning of approaching plaintiff's vehicle from the rear on Wisconsin street immediately preceding the collision; (4) by the motorman's negligent omission to keep a proper lookout for plaintiff as a traveler on the street; and (5) by defendant's failure to exercise ordinary care in operating its car at the time of collision.

The jury found in answer to question 2 that the street car at the time of collision was traveling at a rate of eighteen miles per hour. This finding of the actual speed of the car establishes the groundwork upon which the jury's findings of actionable negligence may rest, and renders breach of the city ordinance limiting the speed of street cars to twelve miles per hour wholly immaterial as a criterion for determining

whether or not defendant negligently operated the car in question. Since the car was traveling at a speed of eighteen miles, the negligence of the motorman in the several respects found by the jury must be considered in the light of the actual speed of the car without reference to the speed limit fixed by the ordinance, and the court's instruction to the effect that it was negligent operation if the car traveled in excess of the speed prescribed by the ordinance is thus rendered wholly immaterial.

The verdict finds, and the evidence sustains the conclusion, that while the car actually traveled at the rate of eighteen miles per hour, the motorman failed to give any warning of his approach at the Twelfth-street crossing and while running on Wisconsin street, in following up plaintiff's automobile, which obviously he must have seen in front of him traveling in the same direction, and with which he collided. The fact that the car ran into the rear of the automobile leaves no ground for dispute but that the car exceeded the automobile in speed immediately before the collision. Under these conditions the motorman, had he exercised ordinary care, would have seen the automobile before the collision, and the facts and circumstances well nigh conclusively show that the car was being operated at so dangerous a rate of speed that it could not be safely controlled for the protection of plaintiff and her automobile, or that the motorman failed to exercise reasonable care in operating the car to prevent the collision which he must have observed to be imminent if he kept a proper lookout. Failure by the motorman to exercise reasonable care and precaution in either of these several respects was a breach of duty to the plaintiff as a traveler on the street and constituted actionable negligence.

We are satisfied that the evidence bearing on the issues presented questions for determination by the jury and that their findings must stand as verities in the case. It is strenuously insisted that the evidence in the case shows as a matter of law that the plaintiff and her chauffeur were guilty of contributory negligence. This claim is based on evidentiary

facts tending to establish the rate of speed plaintiff's automobile traveled at the time of crossing on Twelfth street and while driving south from this crossing on the west side of Wisconsin street to the point of collision.

The argument is made that if the evidence in the case be viewed in the most favorable light in plaintiff's favor respecting the course of the automobile on the street crossing and on Wisconsin street, and respecting the opportunity plaintiff and her driver had to see the street car before crossing on Twelfth street and after entering the crossing and driving southward on Wisconsin street, then it conclusively shows that the plaintiff and the driver were guilty of negligence in failing to see the approaching car or in carelessly driving into the zone of danger or in negligently driving onto the street-car track and turning to the left to cross it in face of the approaching car.   We do not find this claim well founded.   The facts showing the speed of the automobile, the course of its travel, and the opportunity of seeing and hearing the street car, under the facts and circumstances, permit of different inferences as to whether or not plaintiff and her driver were guilty of any want of ordinary care. The judgment of witnesses as to the time spent in driving over this course and of the distances traveled in a given period of time is not of such a nature as to negative conclusively the positive statements of the witnesses that they looked and listened for the car while so traveling on the streets.   The jury was warranted in relying on the positive testimony of the witnesses tending to show that the plaintiff and her driver were not guilty of a want of ordinary care which proximately contributed to cause the collision.

The exception that the damages are excessive is not well taken.   The amount awarded is clearly reasonable in view of the evidence on the subject.

The claim is made that a new trial should be granted because the court erred in its instruction to the effect that the operation of the street car immediately preceding the accident at a speed exceeding the twelve-mile limit fixed by the

city ordinance is negligence in itself. We do not find it necessary to consider this question in the view we take of the case. As above indicated, the jury found defendant guilty of actionable negligence in failing to give the required signals of its approach at the crossing, in failing to keep a proper lookout for plaintiff as a traveler rightfully on the street, and in failing to exercise ordinary care in operating the car in the light of the surrounding circumstances. These findings, in connection with the express finding that the car ran at a speed of eighteen miles, sustain the judgment regardless of the question of the violation of the city ordinance. It is considered that the instruction complained of had no effect on the jury in determining the questions of actionable negligence, and the reasonableness of such an ordinance need not be considered on this appeal.

*By the Court.*—The judgment is affirmed.